# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TRACY BELLOMY,

        Plaintiff,

v.                                              Case No. 3:20-cv-1009-JRK

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

        Defendant.
_____/

## OPINION AND ORDER[2]

### I.  Status

Tracy Bellomy ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "Stage IV large B-cell Lymphoma." Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed March 15, 2021, at 52, 62, 76, 90, 210.

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed March 15, 2021; Reference Order (Doc. No. 16), entered March 16, 2021.

On February 12, 2018, Plaintiff filed an application for DIB. Tr. at 185-91. On March 7, 2018, Plaintiff filed an application for SSI. Tr. at 192-97.[3] In both applications, Plaintiff alleged a disability onset date of March 15, 2017. Tr. at 185, 192. The applications were denied initially, Tr. at 51-61, 73, 105, 106-08 (DIB); Tr. at 62-72, 74, 109, 110-12 (SSI), and upon reconsideration, Tr. at 75-88, 103, 117, 118-23 (DIB); Tr. at 89-102, 104, 124, 125-30 (SSI).

On December 10, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 37-48. At the time of the hearing, Plaintiff was forty-two (42) years old. Tr. at 40. On January 16, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 17-26.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted additional evidence in the form of a brief authored by Plaintiff's representative. Tr. at 4-5. On August 17, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On September 8, 2020, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint

---

[3] Although actually completed on February 12, 2018 and March 7, 2018, respectively, see Tr. at 185, 192, the protective filing date of both of the applications is listed elsewhere in the administrative transcript as February 9, 2018, see, e.g., Tr. at 51, 62, 76, 90.

2

(Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred in failing to adequately consider Plaintiff's diagnosis of gastropareses and the effects of her frequent nausea and vomiting on her ability to work. Memorandum in Support of Complaint (Doc. No. 19), filed March 29, 2021, at 6-8. On May 26, 2021, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 19-26. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 15, 2017, the alleged onset date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairment: status post diffuse non-Hodgkin's lymphoma." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except with no climbing or work around hazards, such as exposed machinery and unprotected heights. [Plaintiff] requires the option to change positions between sitting and standing each hour, performing job duties from either the seated or the standing position (sit/stand option).

Tr. at 20 (emphasis omitted).

4

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work" as a "school crossing guard" and a "cashier II." Tr. at 24 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("40 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Warehouse checker," "Labeler," and "Ticket Seller," Tr. at 25 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from March 15, 2017, through the date of th[e D]ecision." Tr. at 38 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial

5

evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in failing to adequately consider Plaintiff's diagnosis of gastropareses and the effects of her frequent nausea and vomiting on her ability to work. Pl.'s Mem. at 6-8. Plaintiff's argument essentially boils down to a contention that the ALJ erred at step two in determining her severe impairments, and possibly at later steps in not accounting for such impairments. See id. Responding, Defendant argues that Plaintiff did not show her impairments were severe at step two, and that any error by the ALJ at step

6

two was rectified at later steps by her analysis of the impairments and their effects. Def.'s Mem. at 5-12.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

7

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141. The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52. "The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 902 (11th Cir. 2011) (unpublished). To be sure, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (unpublished) (emphasis added); see Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987) (recognizing that "the finding of any severe impairment . . . whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe" is sufficient to satisfy step two).

8

There are occasions when an ALJ identifies one or more impairments at step two but does not identify all of the impairments that should be considered severe. Any omission of a particular severe impairment at step two is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." Burgin, 420 F. App'x at 903 (citation omitted); see Heatly, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019) (per curiam)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ

9

must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ found at step two that Plaintiff's sole severe impairment is "status post diffuse non-Hodgkin's lymphoma." Tr. at 19 (emphasis omitted). Even assuming that Plaintiff proved her gastropareses, nausea, and vomiting are severe impairments (it being unclear whether nausea and vomiting would qualify as "impairments" at this step), the ALJ's failure to find them severe at step two is harmless. The ALJ's Decision makes clear that she considered all of these matters at later steps of the sequential inquiry.

In determining Plaintiff's RFC and discussing Plaintiff's testimony and the medical evidence of record, the ALJ repeatedly discussed Plaintiff's allegations of nausea and vomiting, accepting that Plaintiff did suffer from these issues. See Tr. at 21-23. The ALJ also specifically addressed the "diagnoses of gastroparesis" and noted that Plaintiff had been prescribed medications for the condition, Tr. at 23, demonstrating that the ALJ was aware of it and its effects. As to the nausea and vomiting, the ALJ found they were improved with medication, relying at least one time on Plaintiff's own self report to her treating nurse practitioner (oncology). Tr. at 21, 22, 23; see Tr. at 1828. Ultimately, the ALJ found that "when [Plaintiff] is maintained on her medication, her symptoms have improved significantly, according to both her subjective reports and the objective evidence documented during those times."

10

Tr. at 23. Plaintiff does not specifically challenge these findings, instead focusing solely on whether the ALJ considered the impairments in the first instance. The ALJ's unchallenged findings are supported by substantial evidence and need not be disturbed.

## V.  Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.  The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.  The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on February 22, 2022.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record